FRANK RYBA, APPELLEE, v. SWIFT & COMPANY ET AL., APPELLANTS.

FILED MAY 5, 1917.   Nos. 19247, 19937.

1. **Appeal: CONFLICTING EVIDENCE.** A finding of the jury upon conflicting testimony will not be set aside, if there is competent evidence to support it, unless clearly wrong.

2. **Damages:** REMITTITUR. A verdict in plaintiff's favor for $9,625, in a suit by a carpenter earning $2.50 a day at the age of 53 to recover damages for negligence resulting in a fracture of the femur of his left leg, *held* excessive, requiring a remittitur in the sum of $3,625 as a condition of affirmance.

APPEAL from the district court for Douglas county: CHARLES LESLIE, Judge. *Affirmed on condition.*

*Gurley & Fitch,* for appellants.

*Weaver & Giller, contra.*

ROSE, J.

This an action to recover damages in the sum of $25,-000 for personal injuries sustained by plaintiff, January 12, 1914, while employed by defendant Swift & Company in the construction of an eight-story concrete building of which defendant Henry Perkins was superintendent. The building was situated in South Omaha, and was intended for packing purposes. On the seventh floor there was a long room without windows. It was lighted with kerosene lanterns. Running lengthwise in the floor there was a vent or opening two feet or more in width. On platforms over part of the vent, plaintiff had been engaged with other workmen in chipping concrete from girders. He had been directed by the foreman to get a timber, and in carrying it across the room he fell through the vent to a concrete floor below. In connection with the facts thus outlined, the conditions and conduct imputing negligence, if the petition is understood, may be summarized as follows: Under the platforms where the employees had been at work the vent was entirely covered with planks. Elsewhere over the vent boards arranged to leave interstices had been covered with a layer of paper. Plaintiff fell through the vent where there was nothing over it but paper. The room was not properly lighted. Defendants did not provide a safe place to work. Plaintiff did not know of the conditions and had not been warned of the danger. Defendants denied the negligence charged, and pleaded negligence on the part of plaintiff. From judgment on a ver-

dict in plaintiff's favor for $9,625, defendants have appealed.

It is contended that the trial court erred in refusing to direct a verdict for defendants on the ground there was no proof of actionable negligence on their part. They argue that plaintiff, a carpenter who had been at work on the building, knew the risks and dangers incident to such employment; that defendants had a right to assume he would realize existing conditions and use common sense to avoid injury; that the accident was the result of his own negligence. This argument is refuted by testimony tending to prove the appearance of safety and the concealment of danger. On the issue of notice or warning to plaintiff the evidence is conflicting. The proofs in support of the allegations of the petition seem to sustain the verdict. In this view of the evidence, there does not appear to be any prejudicial error in the ruling of the trial court.

It is also contended that the verdict is excessive. There seems to be merit in this assignment. Plaintiff was a carpenter 53 years of age, and was earning $2.50 a day when injured. His expectancy of life was about 19 years. Figuring the present worth of his earnings for the full period, the award of the jury, including suffering and other elements of damage, would be a substantial recovery for total and permanent disability. The femur of his left leg was broken just below the hip joint and he was otherwise temporarily injured. While the injured leg has been shortened, the evidence will not justify a finding that plaintiff's earning capacity as a carpenter has been permanently destroyed.

Upon the filing of a remittitur in the sum of $3,625 within 20 days, the judgment to the extent of $6,000 will be affirmed. Otherwise it will be reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

LETTON, J., not sitting.